# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):  **Frederick J. Riemer**
**Mary C. Riemer**

Case No:  **13-33852**

This plan, dated **July 30, 2013**, is:

☒ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
☐ confirmed or ☐ unconfirmed Plan dated .

Date and Time of Modified Plan Confirming Hearing:

Place of Modified Plan Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted**, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing. Objection due date: . Confirmation hearing is set for October 2, 2013 @ 9:10 a.m. at 701 E. Broad Street, Richmond VA 5th Floor Rm 5000. If no objections are timely filed, a confirmation hearing will NOT be held.

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$128,245.00**
Total Non-Priority Unsecured Debt: **$19,103.00**
Total Priority Debt: **$115.00**
Total Secured Debt: **$111,700.00**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                    Best Case Bankruptcy

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$100.00 Monthly for 45 months**. Other payments to the Trustee are as follows:   **NONE**   . The total amount to be paid into the plan is $   **4,500.00**   .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid $  **1,011.00**   balance due of the total fee of $  **3,000.00**   concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Chesterfield County - PP Taxes** | **Taxes and certain other debts** | 115.00 | |
| | | | 2 months |
| **Commonwealth of VA-Tax** | **Taxes and certain other debts** | 0.00 | |
| | | | 2 months |
| **Internal Revenue Service** | **Taxes and certain other debts** | 0.00 | |
| | | | 0 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    B. **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.    Unsecured Claims.**

    **A.    Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __10__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

    **B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.  **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A.  **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Hfc - Usa | Location: 4005 Echo Ridge Place, Midlothian VA 23112 Chesterfield County | 1,429.00 | See Plan Provision # 11 (5) Payment of Arrears by Loan Modification | 0% | 0 months | |

   B.  **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C.  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.  **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A.  **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

   B.  **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                                Best Case Bankruptcy

7.  **Liens Which Debtor(s) Seek to Avoid.**

    A.  **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | | Value of Collateral |
|---|---|---|---|---|
| **Chesterfield Chiropractic** | **Location: 4005 Echo Ridge Place, Midlothian VA 23112 Chesterfield County Current Market Anyalsis - $111,700 (7/12/13) Tax Assessment - $158,800 Zillow Range - $138,000 - $175,000** | Va. Code Ann. § 34-4 Va. Code Ann. § 34-4 | $1.00 $1.00 | 111,700.00 |
| **Household Finance / Asset Acceptance** | **Location: 4005 Echo Ridge Place, Midlothian VA 23112 Chesterfield County Current Market Anyalsis - $111,700 (7/12/13) Tax Assessment - $158,800 Zillow Range - $138,000 - $175,000** | Va. Code Ann. § 34-4 Va. Code Ann. § 34-4 | $1.00 $1.00 | 111,700.00 |

    B.  **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

8.  **Treatment and Payment of Claims.**

    - All creditors must timely file a proof of claim to receive payment from the Trustee.
    - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
    - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
    - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9.  **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                                                          Best Case Bankruptcy

11.   Other provisions of this plan:

(1)  Upon confirmation of this plan, priority creditors are granted relief from the automatic stay only to the extent necessary to offset any pre-petition tax refund due to the debtor against any pre-petition tax liability owed by the debtor.
(2)  Debtor's attorney's fees to be paid as a priority claim.
(3) The trustee can extend the plan up to 60 months to pay properly filed claims in this matter.

(4) The debtor will not MODIFY THE DEED, SELL, REFINANCE, OR MODIFY THE MORTGAGE without an order from the court.

### (5)  Debtors will modify mortgage to pay arrears
***Debtors acknowledge that there is an arrearage of approximately $56,000 that must be paid pursuant to 11 USC §1322 et. seq. The debtor's plan proposes to pay the post-petition mortgage payments as they become due and to cure the actual arrearage per  Hfc - Usa's proof of claim by modification of the mortgage on or before April 15,2014.

In the alternative: If this Court has not entered a Loan Modification Order not later than April 15, 2014, that provides for the payment of the mortgage arrears per the lender's Proof of claim, this plan shall dispose of this debt and the realty located at 4005 Echo Ridge Place, Midlothian VA 23112 in accordance with Section 3B of this plan and the security shall be surrendered. Per the provisions of Sec 3B the automatic stay pursuant to 11 USC §362 SHALL terminate to permit the Mortgage Loan Creditor to enforce the lien of its Deed of Trust.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                                              Best Case Bankruptcy

**Signatures:**

**Dated:** **July 16, 2013**

| | |
|---|---|
| **/s/ Frederick J. Riemer** | **/s/ Pia J. North** |
| **Frederick J. Riemer** | **Pia J. North 29672** |
| **Debtor** | **Debtor's Attorney** |
| | |
| **/s/ Mary C. Riemer** | |
| **Mary C. Riemer** | |
| **Joint Debtor** | |

**Exhibits:**     **Copy of Debtor(s)' Budget (Schedules I and J);**
             **Matrix of Parties Served with Plan**

Certificate of Service

I certify that on     **July 30, 2013**     , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Pia J. North**
**Pia J. North 29672**
Signature

**5913 Harbour Park Drive**
**Midlothian, VA 23112**
Address

**(804) 739-3700**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                                  Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re  **Frederick J. Riemer**
       **Mary C. Riemer**                                        Case No.  **13-33852**
                              Debtor(s)                          Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:
**Chesterfield Chiropractic
Center;
1520 Huguenot Rd. #116;
Midlothian, VA 23113**

**Lane & Hamner, P.C.
3520 Courthouse Road
Suite A
Richmond, VA 23236**

**Mark A. Corbelli Reg. Agent
Chesterfield Chiropractic Ctr
1520 Huguenot Rd. Ste116
Midlothian, VA 23113**

*Name of creditor*

**Location: 4005 Echo Ridge Place, Midlothian VA 23112
Chesterfield County**

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☐  To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☒  To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.   *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **Not later than seven (7) days prior to the date set for the confirmation hearing. If no objections are timely filed, the confirmation hearing will NOT be held.** |
| Date and time of confirmation hearing: | **October 2, 2013 @ 9:10 a.m.** |
| Place of confirmation hearing: | **701 E. Broad Street, Richmond VA 5th Floor Rm 5000** |

**Frederick J. Riemer**
**Mary C. Riemer**
*Name(s) of debtor(s)*

By:  **/s/ Pia J. North**
     **Pia J. North 29672**
     *Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Pia J. North 29672**
*Name of attorney for debtor(s)*
**5913 Harbour Park Drive**
**Midlothian, VA 23112**
*Address of attorney [or pro se debtor]*

Tel. #  **(804) 739-3700**
Fax #   **(804) 739-2550**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this  **July 30, 2013**  .

**/s/ Pia J. North**
**Pia J. North 29672**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

In re: **Frederick J. Riemer / Mary C. Riemer**, Debtor(s)

Case No. **13-33852**
Chapter **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**Household Finance/Asset Accep.**
**931 Corporate Center Drive**
**Pomona, CA 91769**

**Asset Acceptance Llc**
**Po Box 1630**
**Warren, MI 48090**

**Claude D. Carter Reg. Agent**
**Household Finance**
**P.O. Box 14125**
**Roanoke, VA 24038**

*Name of creditor*

**Location: 4005 Echo Ridge Place, Midlothian VA 23112**
**Chesterfield County**
**Current Market Anyalsis - $111,700 (7/12/13)**
**Tax Assessment - $158,800**
**Zillow Range - $138,000 - $175,000**

*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

   ☐ To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

   ☒ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.  ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, unless you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | Not later than seven (7) days prior to the date set for the confirmation hearing. If no objections are timely filed, the confirmation hearing will NOT be held. |
| Date and time of confirmation hearing: | **October 2, 2013 @ 9:10 a.m.** |
| Place of confirmation hearing: | **701 E. Broad Street, Richmond VA 5th Floor Rm 5000** |

**Frederick J. Riemer**
**Mary C. Riemer**
*Name(s) of debtor(s)*

By: **/s/ Pia J. North**
**Pia J. North 29672**
*Signature*

☒ Debtor(s)' Attorney
☐ Pro se debtor

**Pia J. North 29672**
*Name of attorney for debtor(s)*
**5913 Harbour Park Drive**
**Midlothian, VA 23112**
*Address of attorney [or pro se debtor]*

Tel. #  **(804) 739-3700**
Fax #  **(804) 739-2550**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☒ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this **July 30, 2013**.

**/s/ Pia J. North**
**Pia J. North 29672**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

**B6I (Official Form 6I) (12/07)**

In re **Frederick J. Riemer**
**Mary C. Riemer**
Debtor(s)

Case No. **13-33852**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Help Desk / Trainer** | **Unemployed** |
| Name of Employer | **Christian & Barton LLP** | |
| How long employed | **January 2012** | **February 2013** |
| Address of Employer | **909 E. Main Street # 1200**<br>**Richmond, VA 23219** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **3,659.87** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **3,659.87** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **441.03** | $ **0.00** |
|    b. Insurance | $ **878.41** | $ **0.00** |
|    c. Union dues | $ **0.00** | $ **0.00** |
|    d. Other (Specify) **See Detailed Income Attachment** | $ **145.62** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **1,465.06** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **2,194.81** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **Amortized tax refund Federal $550 State $75** | $ **52.08** | $ **0.00** |
| **Anticipated Unemployment Compensation** | $ **1,638.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **1,690.08** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **3,884.89** | $ **0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,884.89** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtors do not anticipate any changes in income or expenses. Wife expects to receive $378 per week in unemployment. Husband and Wife each spend approx. $50 a week in gasoline. Tolls are approx. $70 per month.**

**B6I (Official Form 6I) (12/07)**

In re **Frederick J. Riemer**
**Mary C. Riemer**
Debtor(s)

Case No. **13-33852**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **United Way** | $ 11.74 | $ 0.00 |
| **Flexible Spending Account** | $ 75.27 | $ 0.00 |
| **Parking** | $ 58.61 | $ 0.00 |
| **Total Other Payroll Deductions** | $ 145.62 | $ 0.00 |

B6J (Official Form 6J) (12/07)

In re **Frederick J. Riemer**
**Mary C. Riemer**          Case No. **13-33852**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,429.00 |
| a. Are real estate taxes included?     Yes **X**     No ___ | |
| b. Is property insurance included?     Yes **X**     No ___ | |
| 2. Utilities:    a. Electricity and heating fuel | $ 200.00 |
|              b. Water and sewer | $ 40.00 |
|              c. Telephone | $ 50.00 |
|              d. Other   **See Detailed Expense Attachment** | $ 317.25 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 439.57 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 43.33 |
| 7. Medical and dental expenses | $ 75.00 |
| 8. Transportation (not including car payments) | $ 363.33 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|            a. Homeowner's or renter's | $ 100.59 |
|            b. Life | $ 0.00 |
|            c. Health | $ 0.00 |
|            d. Auto | $ 96.00 |
|            e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|            (Specify)   **See Detailed Expense Attachment** | $ 85.82 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|            a. Auto | $ 0.00 |
|            b. Other   **See Detailed Expense Attachment** | $ 295.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other | $ 0.00 |
|       Other | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 3,784.89 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | $ 3,884.89 |
| b.  Average monthly expenses from Line 18 above | $ 3,784.89 |
| c.  Monthly net income (a. minus b.) | $ 100.00 |

**B6J (Official Form 6J) (12/07)**

In re **Frederick J. Riemer**
**Mary C. Riemer**      Case No. **13-33852**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Cell Phone | $ 196.25 |
| Cable | $ 50.00 |
| Internet | $ 50.00 |
| Landfill Fees | $ 21.00 |
| **Total Other Utility Expenditures** | **$ 317.25** |

**Specific Tax Expenditures:**

| | |
|---|---:|
| Personal Property Tax $140 | $ 11.66 |
| Real Estate Tax $890 | $ 74.16 |
| **Total Tax Expenditures** | **$ 85.82** |

**Other Installment Payments:**

| | |
|---|---:|
| Grooming and toilitries | $ 45.00 |
| Misc. expenses | $ 100.00 |
| Vehicle upkeep 2000 & 2007 | $ 80.00 |
| Tolls | $ 70.00 |
| **Total Other Installment Payments** | **$ 295.00** |

North & Associates, PC
Pia J. North
5913 Harbour Park Drive
Midlothian, VA 23112

Household Finance/Asset Accep
931 Corporate Center Drive
Pomona, CA 91769

Applied Bank
601 Delaware Ave
Wilmington, DE 19801

Internal Revenue Service
Insolvency Unit
Post Office Box 7346
Philadelphia, PA 19114

Asset Acceptance Llc
Po Box 1630
Warren, MI 48090

Lane & Hamner, P.C.
3520 Courthouse Road
Suite A
Richmond, VA 23236

Bon Secours
P.O. Box 28538
Richmond, VA 23228

Mark A. Corbelli Reg. Agent
Chesterfield Chiropractic Ctr
1520 Huguenot Rd. Ste116
Midlothian, VA 23113

Chesterfield Chiropractic
Center
1520 Huguenot Rd. #116
Midlothian, VA 23113

McCabe, Weisberg & Conway, P.C
123 South Broad Street
Philadelphia, PA 19109

Chesterfield County - PP Taxes
Richard A. Cordle, Treasurer
Post Office Box 26585
Richmond, VA 23285-0088

USAA
9800 Fredericksburg Road
San Antonio, TX 78288-0436

Claude D. Carter Reg. Agent
Household Finance
P.O. Box 14125
Roanoke, VA 24038

Va Credit Union
7500 Boulders View Drive
Richmond, VA 23225

Commonwealth of VA-Tax
P.O. Box 2156
Richmond, VA 23218-2156

Virginia Urology
Post Office Box 79437
Baltimore, MD 21279-0437

Credit First N A
6275 Eastland Rd
Brookpark, OH 44142

Hfc - Usa
Po Box 9068
Brandon, FL 33509